FILED

IN THE UNITED STATES DISTRICT COURT 2017 DEC -8 PM 1:26
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| JOHN BALL, individually and on behalf of all others similarly situated, | CASE NO.: 6:17-cv-2106-ORL-18GJK <br> CLASS ACTION |
| Plaintiff, | |
| v. | |
| ALAMO RENT A CAR, LLC a Missouri limited liability company ENTERPRISE HOLDINGS, INC., a Missouri corporation, and ENTERPRISE LEASING COMPANY OF ORLANDO LLC, a Missouri limited liability company, | |
| Defendants. | |
| _____/ | |

## CLASS ACTION COMPLAINT

COMES NOW the Plaintiff, JOHN BALL, individually and on behalf of all others similarly situated, by and through the undersigned counsel, and hereby files this class action Complaint against Defendants ALAMO RENT A CAR, LLC ("Alamo") ENTERPRISE HOLDINGS, INC. ("Enterprise") and ENTERPRISE LEASING COMPANY OF ORLANDO LLC ("Enterprise Leasing"), for damages and other relief, and states in support the following:

### Introduction

1. This case concerns the business practices of Defendants Alamo, Enterprise, and Enterprise Leasing whereby the Defendants deceptively promise international inbound renters -- individuals from outside of the United States and Canada who rent cars within the United States -- that excess liability insurance issued by a licensed insurance company will be

included in car rental contracts. Defendants, however, provide no such insurance policy, and never intended to do so.

2. Defendants charge premiums to international inbound renters, such as Mr. Ball; rather than providing the insurance policy in exchange, however, Defendants simply pocket the premiums.

3. Defendants engage in this deceptive business practice thousands and perhaps hundreds of thousands of times every year. In doing so, Defendants have illegally procured tens of millions of dollars at the expense of international inbound renters, who have little to no ability to investigate the deceptive practice or illuminate the illegal practice.

4. Having discerned the true nature of Defendants' illegal activity, Mr. Ball now pleads this Court stop the expansive and illegal activity and return to the hundreds of thousands of consumers the premiums that are rightfully theirs.

## PARTIES

5. Plaintiff JOHN BALL is an individual who, for all purposes relevant herein, was and is domiciled in England.

6. Defendant Alamo is a Missouri corporation whose principal place of business is also in Missouri, and is thus a Missouri citizen. Defendant does business throughout the United States, including throughout the State of Florida.

7. Defendant Enterprise is a Missouri corporation with its principal place of business in Missouri and is thus a citizen of Missouri. Defendant does business throughout the United States, including throughout the State of Florida through its affiliates Alamo, National Car Rental and Enterprise Rent-A-Car.

8. Defendant Enterprise Leasing is organized under the laws of Missouri with its principal place of business in Florida. Enterprise Leasing is therefore a citizen of both states.

9. In conducting its business in Florida on behalf of its affiliates, Enterprise through Enterprise Leasing, which is a statutory agent of Enterprise pursuant of §626.321 Fla. Stat., offers to renters of affiliates vehicles, excess liability coverage issued by authorized insurers such as ACE American Insurance Company.

10. In further conducting its business the Defendants are required to use the practices, policies and procedures of Enterprise and Enterprise and its affiliates engage in the routine practice of failing to provide the contracted for excess liability insurance.

## JURISDICTION AND VENUE

11. This court court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(d)(2) because a) the Plaintiff is a member of the putative classes consisting of at least 100 members; b) the Plaintiff is a citizen of a foreign state; c) Defendants are citizens of states; d) the amount-in-controversy exceeds $5 million exclusive of interests and costs; e) none of the exceptions under § 1332 apply to this claim.

12. Venue is proper in the Middle District of Florida under 28 U.S.C. § 1391 because a substantial portion of the acts and course of conduct giving rise to the claims occurred within this District, and under 18 U.S.C. § 1965(a) because the Defendants are subject to personal jurisdiction in this district.

## GENERAL ALLEGATIONS

I. The Deceptive Scheme

13. Defendant Enterprise and its affiliates form the largest car rental company in the United States.

14. When renters who are domiciled within the United States -- in other words, in contrast to Mr. Ball or members of the putative class who are all domiciled *outside* the United States --

rent a car from Defendants, they are charged separately for 1) the car rental itself and 2) an insurance policy.

15. Additionally, for such renters, the insurance policy they purchase is a legitimate excess insurance policy issued by a licensed and legitimate insurer.

16. For renters who are domiciled outside the United States -- such as Mr. Ball and the putative class -- Defendants promise the same thing in exchange for insurance premiums, i.e. a legitimate excess insurance policy in the amount of $1 million dollars.

17. Rather than fulfilling their contractual obligations, however, Defendants provide no such insurance policy. Instead, they simply pocket the premiums and decline to provide the consideration for such premiums. In other words, Defendants do not and never intend to provide any excess insurance policy from a legitimate and licensed insurer.

18. Rather than providing the promised excess insurance policy, Defendants purport to personally provide such insurance. Unfortunately for the consumers they deceive, such as Mr. Ball, Defendants' practice of supposedly providing their own insurance policy is not only meaningless, any such provision is illegal. F.S. § 624.401

19. Florida, along with every other State, requires insurers to be licensed. Defendants are a car rental company and are not a licensed insurer. Thus, they have no authority to do what they (falsely) claim to do, i.e. issue an insurance policy to Mr. Ball and the putative class.

20. To summarize, Defendants procure premiums for an insurance policy from a licensed and legitimate insurer and, despite doing so, provide no such policy. Instead, Defendants purport to directly insure international inbound renters despite the fact that 1) Defendants don't actually have any such policy and 2) even if they did, such a policy would be illegal, thereby making the contract void. Either way, Mr. Ball and the putative class are owed their premiums.

## II. Mr. Ball's Factual Allegations

21. Paragraphs 1-19 are hereby incorporated by reference.

22. Mr. Ball rented an Alamo vehicle through Alamo and Enterprise Leasing for the following periods: March 8 – March 22, 2012; October 10 – December 5, 2012; January 8 – March 5, 2013; October 25 – November 4, 2013; November 15 – December 20, 2013; January 9 – March 6, 2014; October 27 – December 10, 2014; January 6 – March 5, 2015; November 1 – December 29, 2015; and January 12, 2016 through March 10, 2016.

23. Included in the rentals was Defendant's promise to include supplemental liability insurance as a part of the rate Mr. Ball paid. Florida requires that insurance policies be sold at the stated and mandated policy rate.

24. After arrival in Florida, Alamo and Mr. Ball entered into a contract for the above described rentals. (A copy of the form "Rental Agreement," used for the aforesaid rentals is affixed hereto as Ex. A).

25. Alamo also presented Mr. Ball with a form Rental Jacket (affixed hereto as Ex. B), which, taken with the Rental Agreement, together constituted the Rental Contract.

26. The Rental Agreement specifically promised that supplemental liability insurance (called extended protection) was included in the Rental Contract.

27. While the Rental Agreement specifically indicates that extended protection (the name given the excess or supplemental third-party liability insurance) is included in the Rental Contract, the Rental Jacket then explains the terms of said extended protection in Paragraph 17.

28. Paragraph 17 of the Rental Jacket promises that "Extended Protection" is a third-party liability policy of $1 million dollars.

29. Paragraph 17 further promises that "this insurance policy is underwritten by Ace American Insurance Company."

30. Notwithstanding their promise to provide a legitimate insurance policy from a licensed insurer, and notwithstanding the fact that Mr. Ball paid for said policy, Alamo, in accordance with the scheme concocted by and engaged in by both Defendants and other Enterprise affiliates, provided no such insurance policy, thereby breaching their contract with Mr. Ball.

31. Alamo is not a licensed insurer, and has no authority to directly underwrite or provide insurance to anyone, including Mr. Ball.

32. If Alamo did underwrite an insurance policy themselves to Mr. Ball, such act constitutes a felony under Florida law, which would thereby make the contract void by operation of law.

## CLASS ALLEGATIONS

33. Paragraphs 1 - 32 are hereby incorporated by reference.

34. This Complaint is brought as a class action pursuant to Fed. R. Civ. P. 23.

35. Plaintiff brings this action on behalf of the following classes:

### CLASS A

-All persons who rented a vehicle from an Enterprise affiliate in the U.S. where such rental contracts purportedly included a legitimate excess liability insurance policy ("National Enterprise Class"), and where said policy was not provided.

### CLASS B

-All persons who rented a vehicle from an Enterprise affiliate in the State of Florida where such rental contracts purportedly included a legitimate excess liability insurance policy and where said policy was not provided ("Florida Enterprise Class")

### CLASS C

All persons who rented a vehicle from Alamo in the U.S. where such rental contract purportedly included an excess liability insurance policy and where said policy was not provided ("National Alamo Class").

### CLASS D

> All persons who rented a vehicle from Alamo in the State of Florida where such rental contract purportedly included an excess liability insurance policy and where said policy was not provided. ("Florida Alamo Class").

36. Excluded from the classes are Defendants, their officers, employees, agents and affiliates ("excluded persons"), their subsidiaries, legal representatives, heirs, successors and assigns. Finally, where it is appropriate herein, members of both classes will be referred to collectively as "Class Members."

37. Although the precise number of Class Members is unknown to Plaintiff at this time and can only be determined by appropriate discovery, Plaintiff is informed and believes that the classes of persons affected by Defendants' unlawful acts consists of hundreds of thousands of people, and are so numerous that joinder of all Class Members is impracticable. The unlawful business practices alleged herein were standardized, uniform practices employed by Defendants and resulted in unlawful sales of purported third-party liability insurance policies to hundreds of thousands of putative Class Members.

38. Plaintiff is a member of all classes. His claims are typical of the claims of the Class Members and he will fairly and adequately protect the interests of the Class Members. Plaintiff's interests are coincident with and not antagonistic of those of the other Class Members.

39. This Class Action is necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(a), because the prosecution of separate actions by or against individual Class Members would create the risk of inconsistent or varying adjudications with respect to individual Class Members that would establish incompatible standards of conduct for Defendants.

40. Class treatment is also necessary, pursuant to Fed. R. Civ. P. 23(b)(1)(b), because the prosecution of separate actions by or against individual Class Members would create a risk of adjudications -- with respect to individual Class Members -- that, as a practical matter, would

be dispositive of the interests of other members not parties to the individual adjudications, or would substantially impair or impede their ability to protect their interests.

41. Defendants have acted or refused to act on grounds generally applicable to the Classes, thereby making appropriate final injunctive relief with respect to the Classes as a whole pursuant to Rule 23(b)(2).

42. Pursuant to Rule 23(b)(3), a class action is superior to the other available methods for the fair and efficient adjudication of the controversy because, among other things, it is desirable to concentrate the litigation of the Class Members' claims in one forum, since it will conserve party and judicial resources and facilitate the consistency of adjudications. Furthermore, as the damages suffered by individual Class Members may be small, their interests in maintaining separate actions is questionable and the expense and burden of individual litigation makes it impracticable for them to seek individual redress for the wrongs done to them. Plaintiff knows of no difficulty that would be encountered in the management of this case that would preclude its maintenance as a class action.

43. There exists numerous common questions of law and fact in this action within the meaning of Fed. R. Civ. P. 23(a)(2), and they predominate over any questions affecting only individual Class Members within the meaning of Rule 23(b)(3).

44. The common questions of law and fact include, but are not limited to:

i. Whether Defendants materially breached contracts to procure excess third-party liability insurance policies;
ii. Whether Plaintiff and the Class Members are entitled to the return of premiums for said policies;
iii. Whether Defendants have collectively engaged in a scheme to promise a legal, licensed insurance policy to consumers despite knowing that they provide no such policy at all;

45. Certification of the Class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that:

a.  The questions of law and fact common to members of the Class and Subclasses predominate over any questions affecting an individual member.
b.  A class action is superior to other available methods for the fair and efficient adjudication of the controversy.

## COUNT I: CLAIM FOR BREACH OF CONTRACT AGAINST ALL DEFENDANTS
(on behalf of all Classes)

46. Paragraphs 1-45 are hereby incorporated by reference.

47. Plaintiff Ball and the Class Members entered into a contract with an affiliate of Enterprise, through Enterprise Leasing, where Mr. Ball and the Class paid premiums in the form of money consideration in exchange for the Enterprise Leasing, Affiliates and Enterprises promise to provide a legitimate excess third-party insurance policy issued by ACE American Insurance Company.

48. Defendants breached such contracts by failing to provide such policy.

49. Because of Defendant) breach, Plaintiff Ball and the putative members of the Classes suffered harm in the form of the premiums they paid for an excess liability policy that was not provided.

WHEREFORE, Plaintiff BALL requests that this Court enter judgment in his favor and in favor of the Class Members, against Defendants, for compensatory damages, costs, attorney fees and an other relief deemed appropriate.

## COUNT II

## CLAIM AGAINST ALL DEFENDANTS FOR VIOLATION OF FLORIDA'S DECEPTIVE AND UNFAIR TRADE PRACTICES ACT
(On behalf of Florida Enterprise and Florida Alamo Classes - B and D)

50. Paragraphs 1-44 above are hereby incorporated by reference.

51. This is an action by Plaintiff and the Florida Enterprise and Florida Alamo Classes against the Defendants for violations of the Florida Deceptive and Unfair Trade Practices Act §501.201 et. seq. (hereinafter "FDUTPA").

52. Section 501.211 of FDUTPA grants a private right of action for violation of its provisions.

53. The Defendants' purported sale of legitimate excess third-party liability coverage constitutes an unconscionable act or practice, or unfair or deceptive act or practice in the conduct of trade and commerce in the State of Florida.

54. As a direct and proximate result of the Defendants' unlawful and deceptive activity, the Plaintiff and Enterprise and Alamo Florida Class Members have been damaged.

WHEREFORE, Plaintiff BALL requests that this Court enter judgment in his favor and in favor of the members of Classes B and D, against Defendants for compensatory damages, costs and attorney fees pursuant to Florida Statutes §§501.211(2) and 501.20.

Dated: December 8, 2017

Respectfully submitted,

By: ___/s/ Ed Normand___
Edmund A. Normand, Esq.
FBN: 865590
Normand, PLLC
4551 New Broad Street
Orlando, FL 32814
407-603-6031
firm@ednormand.com
ed@ednormand.com

By: ___/s/ Jake Phillips___
Jacob L. Phillips, Esq.
FBN: 0120130
Normand, PLLC
62 W. Colonial St., Ste 209
Orlando, FL, 32801
407.603.6031
jacob@ednormand.com

By: __/s/ Christopher J. Lynch__
FBN 331041
Christopher J. Lynch, P.A.
6915 Red Road, Suite 208
Coral Gables, Florida 33143
Telephone: (305) 443-6200
Facsimile: (305) 443-6204

Clynch@hunterlynchlaw.com
Lmartinez@hunterlynchlaw.com